John D. Elwell, as Assignee, etc., of The Duplex Street Railway Track Company, Respondent, *v.* Ronald T. McDonald and Another, Appellants.

*Pleading — action for damages for a breach of contract, where a rescission of the contract is alleged — when the complaint sets up but one cause of action.*

The complaint in an action alleged the execution of a contract and that certain acts were done by the defendants which prevented a construction company, the plaintiff's assignor, from fulfilling the contract, and asked judgment for the damages sustained in consequence of such breach on the part of the defendants; it was also alleged in the complaint that, in consequence of certain specified breaches of the contract by the defendants, the contract became rescinded, but no distinct cause of action was based upon any rescission of the contract, or any acceptance by the plaintiff's assignor of an option to rescind the contract given to it by the acts of the defendants, and no relief based upon such rescission was demanded.

*Held,* that the complaint alleged but one cause of action, which was for a breach by the defendants of the contract, and was not demurrable.

Appeal by the defendants, Ronald T. McDonald and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of November, 1894, upon the decision of the court rendered at the New York Special Term overruling the defendants' demurrer to the complaint.

The complaint in the action was in the following words:

" The plaintiff respectfully shows unto the court:

" 1. That the Duplex Street Railway Track Company, hereinafter called ' Duplex Company,' was duly organized as a corporation under the laws of the State of West Virginia, in the year 1891, for the purpose of manufacturing and selling street railway track material and in the building and construction of street railways, and also in the building of street railway track, and continued to be such a corporation from the date aforesaid to the time of its assignment to the plaintiff for the benefit of creditors on the 17th day of July, 1893, as hereinafter set forth.

" 2. That on or about the eighteenth day of August, 1892, the said Duplex Company and the said defendants entered into an agreement in writing at the city of Fort Wayne, in the State of

Indiana, whereby the said Duplex Company agreed to furnish certain specified material to and to construct for said defendants at the city of New Orleans, in the State of Louisiana, a double and single track railroad in certain streets in and about the said city, and named in said contract, at and for certain prices also named therein, as will more fully appear by said contract, of which a copy is hereto annexed, marked Exhibit A, and which the plaintiff prays may be taken as a part of this complaint.

"That in the month of October following the execution of the contract aforesaid, and after the said Duplex Company had furnished and delivered to the said defendants at the said city of New Orleans, in accordance with said contract, a large quantity of said railroad material for the construction of said railroad, to wit, sufficient for seven miles of the track thereof, and had already constructed twenty-seven thousand and seven hundred (27,700) feet of the said railroad track, in accordance with the provisions of said contract, there was commenced and prosecuted an action by Newton Buckner and others, owners of real estate fronting upon or lying contiguous to Coliseum street in said city of New Orleans, between Louisiana avenue and Race street, against the said defendant Judah Hart, in the Civil District Court for the parish of Orleans, in the State of Louisiana aforesaid, the said court having full jurisdiction of the subject-matter and of the parties thereto; in which the said defendant Judah Hart, his representatives, agents and assigns, were asked of said court to be wholly prohibited and enjoined from building any street railway on Coliseum street, between Louisiana avenue and Race street in said city, upon the ground, among others, that the grant by the said city of New Orleans to said Judah Hart, for the building of said street railway in said city, was invalid and void; and such proceedings were thereafter had in such action that on or about the eighteenth day of November, 1892, the said defendants and the said Duplex Company, by the judgment of said court in said action, were wholly enjoined in the further prosecution of the work of building said railway tracks under the said contract so made by and between the said Duplex Company and the said defendants as aforesaid, on Coliseum street, within the limits aforesaid, the said court at the same time adjudging that the entire grant by said city of New Orleans to said Judah Hart to build street railroads in

said city, and upon which grant alone the said contract was based, was invalid and void.

"That the said enjoinment of work was wholly the fault of the said defendants, and was not, by reason of any acts, omission or default of the said Duplex Company, save in the latter constructing said railroad according to the terms of said contract upon the streets therein named, and in all of which said streets the defendants claimed ' to the said Duplex Company that they had the right to build the same, and in which they authorized the said Duplex Company to build the same as their servant. That the said court, in the action aforesaid, adjudged that the said defendants did not have said right or authority, and that the said Duplex Company, at the time of making the said contract, and until the decision and judgment of said court in said action, was wholly ignorant of their not possessing the same. That the said Duplex Company, by reason of the said judgment of the said court, and by the demand of the said defendants, was wholly stopped from the further continuance of their work of constructing said street railway, and that said stoppage and discontinuance of said work continued for the space of three months, to the damage of the said Duplex Company in the sum of ten thousand dollars ($10,000).

"3. And the said plaintiff further shows unto the court that after the decision and judgment of the court as aforesaid, the said defendants were permitted by the said city of New Orleans to build the said street railway tracks in part upon certain other streets in said city, but only in fractional portions thereof, and at different named times, in place of building the same continuously, as provided in said contract.

"That the said Duplex Company, at the request of said defendants, continued the work of construction aforesaid in the said newly-designated streets and portions thereof, and in so doing were frequently stopped by said defendants to await the designation of the place to continue their work, and were obliged also to remove the material for said tracks, which had been distributed by it along the lines of the streets named in said contract, to the newly-designated locations, and also their tools and machinery for said work, to the cost and damage of the said Duplex Company of seven thousand dollars ($7,000).

" 4. That during the continuance of said work on said newly-designated streets the said defendants at divers times, for the purpose of obtaining stoppages of the same, and thereby gain time for negotiating with the said city of New Orleans for changes in the route of said street railway, and to obtain license from the said city to construct the same upon other streets than those named in said contract, made frivolous and unfounded complaints to the workmen of said Duplex Company as to the materials furnished by it for said street railway, and also as to said workmen's construction work thereon. That said defendants thus wrongfully demanded of said workmen and induced them to stop their said work at divers times, to the damage of said Duplex Company of six thousand dollars ($6,000).

" 5. That the said defendants during said construction work failed to furnish the roadbed therefor, as they had agreed to do, whereby the work of said Duplex Company was greatly hindered and delayed; and, also, they so carelessly and incompletely performed said roadbed work that the said Duplex Company was obliged, in order to carry forward its superstructure thereon, to finish and complete the same, to the damage of the said Duplex Company of twelve thousand dollars ($12,000).

" 6. And the said plaintiff further shows unto the court that he is informed and believes that down to the date of complete stoppage of said construction work by the said Duplex Company, to wit, the date of its general assignment for the benefit of creditors to the plaintiff on the seventeenth day of July, 1893, the said defendants had not obtained permission or license from the said city of New Orleans or legal authority to construct said street railway upon the streets named in said contract, or upon a sufficient length of other streets in said city, to use the material provided and delivered by the said Duplex Company to said defendants under the contract aforesaid and required by the terms thereof, and that said Duplex Company was, therefore, unable to finish and complete said contract according to its terms by reason of the same. That in addition also to the breaches of said contract hereinbefore set forth the said defendants wholly failed and refused to make their payments to the said Duplex Company, according to the terms thereof, and failed to accept or pay the drafts drawn upon them by said Duplex Company for the price of said material, in compliance with the terms of said con-

tract, and that they failed to pay, although the same was demanded, nineteen (19) cents per foot for the construction work of said street railway performed by said Duplex Company, as provided in said contract.

"That by reason of the said breaches of the said contract by the said defendants, the said contract at the time of the occurrence of each breach thereof became rescinded and the said defendants became immediately indebted and liable to pay to the said Duplex Company the value of all the materials thus furnished and delivered to them, and the value of all the construction work done for them by said Duplex Company, what said material and work were worth, and also became indebted and liable to pay said Duplex Company all damages and expenses which said delays, extra work and changes of route caused to the said Duplex Company.

"That the said Duplex Company, in accordance with the terms of said contract, had, prior to the first day of February, 1893, furnished and delivered to the said defendants at the said city of New Orleans, all of the said railroad materials, and the special work connected with the same stipulated for in said contract, and sufficient to build all of the street railway track provided for therein, and delivered the same along the streets of said city where said railroad was to be built, so far as the said Duplex Company could learn and ascertain the routes thereof from said defendants, and subsequently thereto also furnished and delivered to said defendants, in place of certain cast iron chairs stipulated for in said contract, and at request of said defendants, steel chairs in place thereof, and that said Duplex Company has also, in accordance with the terms of said contract, built and constructed for said defendants on the streets designated by them in the said city of New Orleans, seventy thousand (70,000) feet of said railroad track. That the value and worth of the said material thus furnished and delivered to the said defendants were the sum of $135,801.70, and that the value and worth of the said work thus performed by the said Duplex Company in building said railway track for the said defendants, were the sum of $13,300, and that the sums thus named as the value of the materials and work aforesaid are the same also and do not exceed that so agreed to be paid by the said defendants therefor to the said Duplex Company. That the amount due to the said Duplex Company from

said defendants, at the time of its assignment to the plaintiff for the said materials and work, as above mentioned, and now due to the said plaintiff over and above all credits and payments thereon, is the sum of $65,259.25, and that the defendants neglect and refuse to pay the same.

" And the plaintiff further shows unto the court, that on the seventeenth day of July, 1893, the said Duplex Company, by its deed duly executed, and under its seal, assigned and transferred to the said plaintiff the several claims and demands against the said defendants, heretofore set forth, for the benefit of its creditors.

" Wherefore, the said plaintiff demands judgment against the said defendants for the damages for breaches of contract and for the value of said work and materials, as above set forth, in the sum of one hundred thousand two hundred and fifty-nine and $\frac{25}{100}$ dollars ($100,259.25), with interest from the seventeenth day of July, 1893, besides the costs of this action."

*George W. Seligman*, for the appellants.

*Eustace Conway*, for the respondent.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Judgment affirmed on opinion of court below.

The opinion of the Special Term was as follows:
INGRAHAM, J.:

The objection to the complaint raised by this demurrer is that there are two causes of action alleged, one for a rescission of the contract and another for a breach thereof by the defendants. It is plain, however, that there is no cause of action for a rescission of the contract. The complaint alleges the execution of a contract and certain acts of the defendants which, it is claimed, prevented the plaintiff's assignor (a construction company) from fulfilling the contract, and the plaintiff asks for a judgment for the damages sustained by reason of the breaches on the part of the defendants which prevented the plaintiff's assignee from completing the contract. It is alleged that in consequence of certain specified breaches of the contract by the defendants the contract became rescinded, but just what the

pleader intended by this allegation is not apparent. Certainly no distinct cause of action is based upon any rescission of the contract by the company, or any acceptance by it of an option to rescind the contract given to it by the acts of the defendants. No relief based upon such rescission is demanded. The complaint alleges one cause of action for a breach by the defendants of the contract. Several acts, each of which in itself would constitute a breach of the contract, are alleged; and the complaint also alleges the various items of damage that the company sustained in consequence of the breach by the defendants of their obligation under the contract, and a sum of money is demanded as damages sustained by the plaintiff in consequence of the defendants' failure to comply with the contract on their part. The demurrer, therefore, must be overruled and judgment ordered for plaintiff, with costs, with leave to the defendants to answer upon payment of costs.